Joyce W. Lindauer
Texas Bar No. 21555700
Email: joyce@joycelindauer.com
Rebecca T. Vaughn
Texas Bar No. 24098510
Email: becca@joycelindauer.com
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Defendants SUPER
FUELS LOMBARDY, LLC, SUPER
FUELS NORTHGATE, LLC, and
SUPER FUELS ST AUGUSTINE, LLC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BUC-EE'S, LTD.,** | § | |
|     **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:25-cv-00075-K** |
| | § | |
| **SUPER FUELS LOMBARDY, LLC,** | § | |
| **SUPER FUELS NORTHGATE, LLC, and** | § | |
| **SUPER FUELS ST AUGUSTINE, LLC,** | § | |
|     **Defendants.** | § | |

**DEFENDANTS' ORIGINAL ANSWER**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME Defendants **SUPER FUELS LOMBARDY, LLC, SUPER FUELS NORTHGATE, LLC, and SUPER FUELS ST AUGUSTINE, LLC,** and bring this their *Original Answer*, and in support thereof would respectfully show unto the Court as follows:

**I.**
**GENERAL ALLEGATIONS**

1.      Defendants admit the allegations contained in Paragraph 1 of the Complaint to the extent Plaintiff so provides.

2.      Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3.      Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4.      Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5.      Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8.      Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 8 of the Complaint.

9.      Defendants admit the allegations contained in Paragraph 9 of the Complaint to the extent Plaintiff so provides.

10.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 10 of the Complaint.

11.     Defendants admit the allegations contained in Paragraph 11 of the Complaint to the extent Plaintiff so provides.

12.     Defendants admit the allegations contained in Paragraph 12 of the Complaint to the extent Plaintiff so provides.

13.     Defendants admit the allegations contained in Paragraph 13 of the Complaint to the extent Plaintiff so provides.

14.     Defendants admit the allegations contained in Paragraph 14 of the Complaint to the extent Plaintiff so provides.

15.     Defendants admit the allegations contained in Paragraph 15 of the Complaint to the extent Plaintiff so provides.

16.     Defendants admit the allegations contained in Paragraph 16 of the Complaint to the extent Plaintiff so provides.

17.     Defendants admit the allegations contained in Paragraph 17 of the Complaint to the extent Plaintiff so provides.

18.     Defendants admit the allegations contained in Paragraph 18 of the Complaint to the extent Plaintiff so provides.

19.     Defendants admit the allegations contained in Paragraph 19 of the Complaint to the extent Plaintiff so provides.

20.     Defendants admit the allegations contained in Paragraph 20 of the Complaint to the extent Exhibit C so provides.

21.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants admit the allegations contained in Paragraph 23 of the Complaint to the extent Plaintiff so provides.

24.     Defendants admit the allegations contained in Paragraph 24 of the Complaint to the extent Plaintiff and the images in the Complaint so provide.

25.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 26 of the Complaint.

27.     Defendants admit the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29.      Defendants admit the allegations contained in Paragraph 29 of the Complaint to the extent that the images provided are marks used by Defendants but otherwise deny the allegations.

30.      Defendants admit the allegations contained in Paragraph 30 of the Complaint to the extent that the images provided are marks used by Defendants but deny the allegation that they are "Infringing Marks".

31.      Defendants admit the allegations contained in Paragraph 31 of the Complaint to the extent that the images provided are marks used by Defendants but deny the allegation that they are "Infringing Marks".

32.      Defendants admit the allegations contained in Paragraph 32 of the Complaint to the extent that the images provided are marks used by Defendants but deny the allegation that they are "Infringing Marks".

33.      Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.      Defendants admit the allegations contained in Paragraph 34 of the Complaint.

35.      Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.      Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.      Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.      Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.      Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.      Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.      Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.      Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.      Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.      Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants admit the allegations contained in Paragraph 47 of the Complaint to the extent that Plaintiff has no control over the nature, quality or pricing of Defendants' services, promotional activities, or any other aspect of Defendants' business operations, but otherwise deny the allegations.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.     Defendants are not required to admit or deny the allegations contained in Paragraph 51 of the Complaint. To the extent any fact requires such, Defendants deny the allegations.

52.     Defendants admit the allegations contained in Paragraph 52 of the Complaint to the extent Plaintiff so provides.

53.     Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.     Defendants admit the allegations contained in Paragraph 54 of the Complaint to the extent Plaintiff so provides.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.     Defendants are not required to admit or deny the allegations contained in Paragraph 64 of the Complaint. To the extent any fact requires such, Defendants deny the allegations.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants are not required to admit or deny the allegations contained in Paragraph 69 of the Complaint. To the extent any fact requires such, Defendants deny the allegations.

70.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.     Defendants are not required to admit or deny the allegations contained in Paragraph 77 of the Complaint. To the extent any fact requires such, Defendants deny the allegations.

78.     Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.     Defendants are not required to admit or deny the allegations contained in Paragraph 81 of the Complaint. To the extent any fact requires such, Defendants deny the allegations.

82.     Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     Defendants are not required to admit or deny the allegations contained in Paragraph 85 of the Complaint. To the extent any fact requires such, Defendants deny the allegations.

86.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 86 of the Complaint.

87.     Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.     Defendants are not required to admit or deny the allegations contained in Paragraph 90 of the Complaint. To the extent any fact requires such, Defendants deny the allegations.

91.     Defendants admit the allegations contained in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of the Complaint.

## II.
## GENERAL DENIAL

95.     Defendants deny each factual allegation in the Complaint that is not specifically admitted or otherwise addressed in the preceding paragraphs and demands strict proof thereof.

## III.
## ANSWER TO PLAINTIFF'S REQUEST FOR RELIEF

96.     Defendants deny that Plaintiff is entitled to the judgment and relief prayed for in Paragraphs 51 through 94 of the Complaint.

## IV.
## AFFIRMATIVE DEFENSES

97.     Without assuming any burden of proof the law places upon Plaintiff, and reserving all rights to amend or supplement as this action proceeds, Defendants SUPER FUELS LOMBARDY, LLC, SUPER FUELS NORTHGATE, LLC, and SUPER FUELS ST AUGUSTINE, LLC allege the following affirmative defenses.

98.     Plaintiff's claims are barred in whole or in part by the affirmative defense of statute of limitations and the doctrine of laches.

99.     Alternatively, and/or in addition, Plaintiff's claims are barred in whole because Plaintiff failed to state a claim upon which relief can be granted.

ORIGINAL ANSWER                                                                    PAGE 8

100.    Alternatively, and/or in addition, Plaintiff's claims are barred in whole or in part because there is no substantial similarity between Plaintiff and Defendants' marks.

101.    Alternatively, and/or in addition, Plaintiff's claims are barred in whole or in part because Plaintiff has sustained no harm, irreparable or otherwise, due to any action by the Defendants.

102.    Alternatively, and/or in addition, Defendants specifically plead the affirmative defense that Plaintiff's mark is not a famous mark as required by the Texas Dilution Statute.

103.    Alternatively, and/or in addition, Defendants specifically plead the affirmative defense that Plaintiff's dilution claims are barred by 15 USC § 1125.

104.    Alternatively, and/or in addition, Defendants specifically plead the affirmative defense that there is no association arising from the similarity between Plaintiff's logo and Defendants' logo.

105.    Alternatively, and/or in addition, Defendants specifically plead the affirmative defense that their logo does not impair Plaintiff's logo's distinctiveness.

106.    Alternatively, and/or in addition, Defendants specifically plead the affirmative defense that the United States Patent and Trademark Office has found that there is no likelihood of confusion between Plaintiff's marks and Defendants' marks.

107.    Alternatively, and/or in addition, Defendants specifically plead the affirmative defense of acquiescence.

108.    Alternatively, and/or in addition, Defendants specifically plead the affirmative defense of lawful purpose.

109.    Alternatively, and/or in addition, Defendants specifically plead the affirmative defense that Plaintiff's claims are barred by the doctrine of abandonment.

110.    Alternatively, and/or in addition, Defendants specifically plead the affirmative defense that Plaintiff's claims are barred by the doctrine of waiver.

111.    Alternatively, and/or in addition, Defendants specifically plead the affirmative defense that Plaintiff's claims are barred by the doctrines of estoppel and equitable estoppel.

112.    Alternatively, and/or in addition, Defendants specifically plead the affirmative defense that Plaintiff's claims are barred by the doctrine of unclean hands.

113.    Alternatively, and/or in addition, Defendants specifically plead the affirmative defense that Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, were not caused by Defendants.

114.    Alternatively, and/or in addition, Defendants specifically plead the affirmative defense that Plaintiff's claims for injunctive relief are barred, because Plaintiff cannot show that it will suffer any irreparable harm from Defendants' actions.

115.    Alternatively, and/or in addition, Defendants specifically plead the affirmative defense that Plaintiff's claims are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist.

116.    Alternatively, and/or in addition, Defendants reserve the right to assert additional defenses based on information learned or gained during discovery.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants SUPER FUELS LOMBARDY, LLC, SUPER FUELS NORTHGATE, LLC, and SUPER FUELS ST AUGUSTINE, LLC respectfully pray that upon a final hearing of the cause, judgment be entered for Defendants SUPER FUELS LOMBARDY, LLC, SUPER FUELS NORTHGATE, LLC, and SUPER FUELS ST AUGUSTINE, LLC and against Plaintiff for the claims requested herein;

attorneys fees; costs of court; and such other and further relief to which Defendants SUPER

FUELS LOMBARDY, LLC, SUPER FUELS NORTHGATE, LLC, and SUPER FUELS ST

AUGUSTINE, LLC may be entitled at law or in equity, whether pled or unpled.

Dated: January 16, 2025.

> Respectfully submitted,
>
> Joyce W. Lindauer Attorney, PLLC
> 1412 Main Street, Suite 500
> Dallas, Texas 75202
> Tel. (972) 503-4033
> Fax. (972) 403-4034
>
> By: __/s/ Joyce W. Lindauer_____
> Joyce W. Lindauer
> Texas Bar No. 21555700
> Email: joyce@joycelindauer.com
> Rebecca T. Vaughn
> Texas Bar No. 24098510
> Email: becca@joycelindauer.com
> Attorneys for Defendants SUPER FUELS
> LOMBARDY, LLC, SUPER FUELS
> NORTHGATE, LLC, and SUPER FUELS
> ST AUGUSTINE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2025, a true and correct copy of the foregoing document was forwarded to Plaintiff's counsel listed below via email pursuant to the Court's ECF filing system.

> **Terrell R. Miller**
> **Michelle Y. Ku**
> **Aaron E. Chibli**
> Foley & Lardner, LLP
> 2021 McKinney, Suite 1600
> Dallas, Texas 75201
> Email: tmiller@foley.com
> Email: mku@foley.com
> Email: achibli@foley.com

> __/s/ Joyce W. Lindauer_____
> Joyce W. Lindauer